UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HAROLD M. HOFFMAN, | : | Civil Action No. 15-4810 (CCC) |
| Plaintiff, | : | |
| v. | : | REPORT & RECOMMENDATION |
| TELEFLORA LLC, | : | |
| Defendant. | : | |

**CLARK, Magistrate Judge**

This matter having been opened to the Court by *pro se* Plaintiff Harold M. Hoffman's ("Plaintiff") motion to remand this matter to state court for lack of federal subject matter jurisdiction [Docket Entry No. 6]; and Defendant Teleflora LLC ("Defendant") having opposed Plaintiff's motion [Docket Entry No. 7]; and the Court having considered the arguments submitted in support of, and in opposition to Plaintiff's motion; and for the reasons that follow, it is respectfully recommended that Plaintiff's motion be GRANTED.

**I.   BACKGROUND**

Plaintiff[1] filed the putative class action in state court on June 1, 2015. [*See* Docket Entry No. 1]. Plaintiff's Complaint alleges various violations of New Jersey's RICO Act, Consumer Fraud Act, Consumer Related Offenses Act, and various common law claims based on the lack of a working opt-out or unsubscribe procedure for unsolicited e-mail offers sent by

---

[1] Plaintiff is a well-known filer of putative class-action lawsuits in this District. In federal court alone, Plaintiff has represented himself *pro se* and on behalf of a putative class in no less than 39 actions since 2007, with 34 having been filed since 2012. Notably, each was originally filed in state court and subsequently removed by the defendant(s) in each case.

Defendant. (*See* Compl., *generally*). Plaintiff's proposed class consists of "all New Jersey residents that received a Solicitation email that contained fraudulent and deceptive unsubscribe hyperlinks, and which had no means of unsubscribing either electronically or non-electronically without incurring postage and other costs to the recipient of such email, during the six (6) year period preceding the filing of this action." (Compl. ¶ 46).

As set forth in the Complaint, Plaintiff' alleges that he received an unsolicited marketing email from Defendant offering its floral products and services. (Compl. ¶¶ 17-18). While the e-mail included an electronic unsubscribe option, that option was defective or otherwise ineffective. (Compl. ¶¶ 21-23). The email also allowed Plaintiff to unsubscribe "by writing, via conventional U.S. mail, to 1581 Hillside Avenue, Victoria, British Columbia (the drop box)." (Compl. ¶¶ 27-28). Plaintiff's attempts to unsubscribe by writing did not stop further correspondence from Defendant. (Compl. ¶ 29). Instead, it caused him to accrue needless international postage charges. (Compl. ¶¶ 27-30). Plaintiff further claims harassment and annoyance by Defendant's "endless stream" of e-mails to the point that it diminished his enjoyment of his private email. (Compl. ¶¶ 1, 40).

On June 30, 2015, Defendant removed the matter to federal court, alleging federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). [Docket Entry No. 1]. Specifically, Defendant alleged that jurisdiction was proper because "at least one member of the class of plaintiffs is a citizen of a state different from that of Defendant, the number of members of the putative class of plaintiffs is more than 100, and the amount in controversy, if Plaintiff proves his allegations, exceeds $5,000,000, exclusive of interest and costs." [Docket Entry No. 1 ¶ 12]. Plaintiff's complaint did not allege an amount in

controversy.

On July 20, 2015, Plaintiff filed the instant motion to remand to state court arguing that the amount in controversy has not been established.   [Docket Entry No. 6].

## II.   THE PARTIES' POSITIONS

### A.  *Defendant's Position In Support of Removal*

Defendant contends that removal was proper under CAFA because Plaintiff cannot show to a legal certainty, that the amount in controversy would not exceed the $5,000,000 statutory threshold.[2]   (*See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Remand (Def.'s Br.), Docket Entry No.7).   Particularly, Defendant surmises that the putative class would each seek approximately $300 dollars in compensatory damages for the loss of use of their e-mail and computer systems, international postage costs, and emotional distress for the trespass and intrusion of their computer systems.   (*See id.* at 5-6).   As Plaintiff has sought treble damages, this amount would be tripled to $900 per class member.   (*See id.* at 6).   Furthermore, punitive damages are available to Plaintiff allowing for an additional $1500, bringing each members damages to $2400.   (*See id.*)   Allowing for attorney fees in the amount of 30%, each class member would be entitled to $3,120.   (*See id.*)   "Dividing $5,000,000 by that amount would result in a necessary minimum potential class of 1,603 members."   (*See id.*)   Defendant

---

[2] In their papers, both parties address whether the amount in controversy is met under both CAFA and traditional diversity jurisdiction.   Under CAFA, there is no requirement in a class action that any individual plaintiff's claim exceed $75,000.   *See Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 (11th Cir. Ga. 2010).   That includes Plaintiff himself.   Because the issue of class certification has not been addressed, and need not be for purposes of Plaintiff's motion, the Court declines to address whether traditional diversity jurisdiction is met.   Nevertheless, the lack of factual support for Defendant's amount in controversy allegation, discussed in greater detail in Section IV *supra*, would equally apply to the traditional jurisdiction analysis.

contends that this class size is easily attainable since Defendant engaged in a "mass marketing email Solicitation campaign" constituting "an electronic marketing blitz." (*See id.*)

### B. *Plaintiff's Position in Support of Remand*

Conversely, Plaintiff contends that under a preponderance of the evidence standard, the amount in controversy is not satisfied. (*See* Plaintiff's Memorandum in Support of Remand (Pl.'s Br.), Docket Entry No. 6 at 1). Plaintiff argues that Defendant's CAFA calculation lacks any factual basis and fails to disclose the "actual number of New Jersey residents in receipt of Defendant's solicitation emails." (*See* Docket Entry No. 8 at 1-2). As such, Plaintiff argues that the damages amount proffered by Defendant is a "pipe dream." (*See id.*) Lastly, Plaintiff seeks attorney fees and costs in bringing the instant motion. (*See id. at 7*).

### III.   LEGAL STANDARD

Federal Courts are courts of limited jurisdiction and may only decide cases as authorized by the Constitution. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). A case must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case. *See* 28 U.S.C. § 1447(c). As the party removing the case, Defendant has the burden to prove that federal court jurisdiction is proper at all stages of the litigation. *See Samuel—Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Boyer v. Snap—On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

Here, Defendant relies on the Class Action Fairness Act to establish federal court jurisdiction. CAFA vests original jurisdiction in the federal district courts to hear "class action" lawsuits in which the proposed class has at least 100 members, "the parties are minimally diverse,"

4

and "the matter in controversy exceeds the sum or value of $5 million." *Standard Fire Ins. Co. v. Knowles*, U.S. 133 S. Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)). A defendant removing an action under CAFA need only include in their notice of removal a short and plain statement that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

Typically, "[t]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. If contested, the parties must submit proofs for the court to decide—by a *preponderance of the evidence*—whether the jurisdictional requirements are met. *See Kendall v. CubeSmart L.P.*, 2015 U.S. Dist. LEXIS 156447, *6 (D.N.J. Nov. 19, 2015). In *Grace v. T.G.I. Fridays, Inc.*, the court addressed the question of which standard applies when a plaintiff contests the defendant's amount in controversy allegation. 2015 U.S. Dist. LEXIS 97408, *20 (D.N.J. July 27, 2015). The *Grace* Court explained that:

> "[t]he Supreme Court's decision in *Knowles*, which called into question the reasoning set forth by the Third Circuit in *Morgan* for application of the legal certainty standard where a plaintiff stipulates to the amount in controversy, coupled with the language in *Owens* clarifying that a jurisdictional challenge to the defendant's allegations of the amount in controversy in the notice of removal cannot be made until after the notice of removal is filed, and the dicta in *Owens* indicating that the preponderance of the evidence standard should apply in all situations where the amount in controversy is challenged after a notice of removal is filed, suggests that this Court must apply the preponderance of the evidence standard in this case."

(*See id.*) Based on the sound reasoning in *Grace*, the appropriate standard to assess the amount in controversy is the preponderance of the evidence standard asserted by Plaintiff, not the legal certainty standard advanced by Defendant.

5

### IV.     APPLYING THE PREPONDERANCE OF THE EVIDENCE STANDARD IN THIS CASE

To "determine whether the matter in controversy" exceeds the $5,000,000 jurisdictional threshold, a court must aggregate "the claims of individual class members." § 1332(d)(6). In other words, CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Knowles*, 133 S. Ct. at 1348. If the sum exceeds $5 million by a preponderance of the evidence—after the courts evaluation of the submitted proofs—the amount in controversy is met.

Here, the proofs presented by the parties do not establish the amount in controversy under the preponderance standard. As argued by the Plaintiff, Defendant has not submitted any facts substantiating its amount in controversy calculation. Instead, Defendant delves into a structured calculation that is entirely speculative. Defendant claims that the class size is easily 1,603 individuals purely on the unsupported valuation of $300 for each individual claim. Defendant has provided no basis supporting this dollar amount, simply stating that "[i]t would not be unreasonable for each class member to seek a claim of at least $300 for the loss of use (and/or damage to) their e-mail and computer systems, as well as incurred postage, and emotional distress damages for the trespass and intrusion of their computer systems." (See Def.'s Br. at 5-6). Without more, this statement is insufficient to establish the Defendant's claim valuation.

More importantly, Defendant has failed to provide the actual number of consumers in New Jersey to which it sent its e-mails. Indeed, Defendant is in the best and only position to provide this information. Instead of doing so, Defendant has proffered an elaborate calculation—without any factual support—that conveniently arrives at the 1,603 class number. A number that

Defendant should be able to readily provide, not calculate. Nor has Defendant explained why this number could not be provided. Since Defendant has failed to establish the amount in controversy under CAFA by a preponderance of the evidence, it is recommended that this action be remanded back to state court.

### V. REQUEST FOR FEES

Plaintiff has requested an award of counsel fees and costs in the event that the motion to remand is granted. Pursuant to 28 U.S.C. § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court finds that Defendant had an objectively reasonable basis to allege that the amount in controversy exceeded $5,000,000. Plaintiff has alleged a putative class that includes any New Jersey Consumer that received a marketing email from Defendant over the course of six years. Considering the broad description of the putative class coupled with the duration of time over which Defendant's e-mail were sent, it would not be unreasonable for the amount in controversy to exceed $5,000,000. As such, it is recommended that Plaintiff's request for fees be denied.

### VI. CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to FED.R.CIV.P.78;

IT IS on this 19th day of January, 2016,

7

RECOMMENDED that Plaintiff's Motion to Remand be GRANTED in part and DENIED in part and this matter be REMANDED to the Superior Court of New Jersey, Law Division, Bergen County.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**